Clyde DeWitt
California State Bar No. 117911
Law Offices of Clyde DeWitt,
    A Professional Corporation
20750 Ventura Blvd., Suite 204
Woodland Hills, CA 91364
(310) 392-2600
Fax (310) 362-8667
*clydedewitt@earthlink.net*

Attorneys for Defendant, XOD, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRASERSIDE HOLDINGS, LTD., a foreign limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>XOD LLC, a Delaware corporation, d/b/a XonDemand, Xondemand.com<br><br>    Defendants, | Case Number **CV 10-5174 GW (FMOx)**<br><br>Hon. George H. Wu,<br>    United States District Judge<br><br>Hon. Fernando M. Olguin,<br>    United States Magistrate Judge<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>**[Local Rule 56-1]**<br><br>1. NOTICE OF MOTION;<br>2. MEMORANDUM OF POINTS AND AUTHORITIES;<br>3. SUPPORTING DECLARATION OF FRANK RYAN;<br>4. SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW;<br>5. SUPPORTING DECLARATION OF CLYDE DEWITT<br>6. [PROPOSED] ORDER. |

      Pursuant to Local Rule 56-1 of this Court, Defendant XOD, LLC submits this Separate Statement of Uncontroverted Facts and Conclusions of Law:

---

K:\Files\XoD LLC C2014\XOD adv Fraserside\10-008-p-Separate Statement.wpd     **Page 1**

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

**[Local Rule 56-1]**

| | SEPARATE STATEMENT OF UNCONTROVERTED FACTS | |
|---|---|---|
| | **Uncontroverted Fact** | **Source** |
| 1. | XOD, LLC ("XOD") operates a Web site which makes available to customers adult motion pictures that they can view on their computers on a per-minute basis. | 1. Ryan Dec., ¶ 2. |
| 2. | Any adult with a computer with an Internet connection and Internet Browser software (all of which must be of reasonably recent vintage) can view XOD's Web site on his or her computer screen. Using a credit card, a customer can purchase credits for viewing minutes, at which time the customer is issued a user name and a password, in a matter comparable to any limited access Internet site. | 2. Ryan Dec., ¶ 3. |
| 3. | At any time, the customer then can log in, review XOD's library of over 25,000 adult motion pictures, select one and view it. If, for example, the motion picture is 40 minutes long, then the 40 minutes is subtracted from the | 3. Ryan Dec., ¶ 4. |

---

K:\Files\XoD LLC C2014\XOD adv Fraserside\10-008-p-Separate Statement.wpd  **Page 2**

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

**[Local Rule 56-1]**

| | |
|---|---|
| 1  customer's prepaid minutes (assuming that | |
| 2  the customer views the motion picture in | |
| 3  its entirety). | |
| 4      4.     There are a number of other | 4.   Ryan Dec., ¶ 5. |
| 5  businesses that operate in a similar | |
| 6  fashion; such businesses are known in the | |
| 7  industry as "video on demand" businesses. | |
| 8      5.     For the most part, the | 5.   Ryan Dec., ¶ 6. |
| 9  manner in which video on demand | |
| 10 businesses acquire their libraries that the | |
| 11 customers can view is by entering into | |
| 12 licensing agreements with copyright | |
| 13 owners such that the licensor is paid a | |
| 14 commission representing a percentage of | |
| 15 the revenue of the video on demand | |
| 16 business.  XOD operates in that manner. | |
| 17     6.     One such agreement, that is | 6.   Ryan Dec., ¶ 7. |
| 18 Exhibit 101 to the answer of XOD in this | |
| 19 case, is between XOD and the plaintiff, | |
| 20 Fraserside Holdings, Ltd. I recognize that | |
| 21 agreement; and I signed that agreement on | |
| 22 the date indicated on the agreement. The | |
| 23 Agreement was prepared and presented to | |
| 24 XOD by Fraserside, which did not give | |

| | |
|---|---|
| 1   XOD any opportunity to negotiate any | |
| 2   changes. | |
| 3       7.   The Agreement that is | 7.   Ryan Dec., ¶ 7. |
| 4   Exhibit 101 to the Defendant's Original | |
| 5   Answer is the contract governing the | |
| 6   relationship of the parties. | |
| 7       8.   After the execution of the | 8.   Ryan Dec., ¶ 8. |
| 8   agreement, XOD added the titles that were | |
| 9   the subject of the agreement to the XOD | |
| 10  library, thereby making them available to | |
| 11  XOD's customers. | |
| 12      9.   XOD never received a | 9.   Ryan Dec., ¶ 9. |
| 13  termination letter from Plaintiff Fraserside | |
| 14  Holdings, Ltd. or, with respect to the | |
| 15  agreement that is Exhibit 101 to the | |
| 16  answer, from anyone. | |
| 17     10.  Exhibit 101 was prepared by | 10.  Ryan Dec., ¶ 7. |
| 18  Fraserside Holdings, Ltd. ("Fraserside") | |
| 19  and presented to XOD, LLC ("XOD") | |
| 20  without affording XOD an opportunity to | |
| 21  negotiate any of its provisions. | |
| 22     11.  The Agreement that is | 11.  Ryan Dec., ¶ 7. |
| 23  Exhibit 101 to the Defendant's Original | |

| | | |
|---|---|---|
| 1 | Answer accurately summarizes the payments made from XOD to Fraserside. | |
| 3 | 12. The Exhibit 102 printout shows the commissions earned under the heading "Amount Owed." The payments that were made are shown under the heading "Amount Paid." Under "Date" is the date of the commission earned or the payment made. Under "Trans No" is either the month during which the commission was earned (*e.g.*, "COMMISSION 7/06", representing the commissions earned during July of 2006) or the check number associated with the payment. Under "Balance" is the balance after consideration of the transaction to which it is adjacent. | 12. Ryan Dec., ¶ 11. |
| 18 | 13. There was no activity during the year 2010. | 13. Ryan Dec., ¶ 12. |
| 20 | 14. All of the content licensed to XOD by Fraserside Holdings, Ltd. was removed from the XOD library in July of 2010, immediately after someone at XOD learned of this lawsuit. XOD had no | 14. Ryan Dec., ¶ 14. |

K:\Files\XoD LLC C2014\XOD adv Fraserside\10-008-p-Separate Statement.wpd  **Page 5**

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Local Rule 56-1]

| | | | |
|---|---|---|---|
| 1 | knowledge of any termination notice prior | | |
| 2 | to then. | | |
| 3 | 15. Fraserside Holdings, Ltd. | 15. | Ryan Dec., ¶ 15. |
| 4 | continued to accept payments – each of | | |
| 5 | which would have revealed the correct | | |
| 6 | address of XOD – for commissions for | | |
| 7 | over a year and a half after the alleged | | |
| 8 | termination. | | |

**PROPOSED CONCLUSIONS OF LAW**

1. "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." CAL. CIV. C. § 1636.

2. "[W]here the terms of an agreement are set forth in writing, and the words are not equivocal or ambiguous the writing or writings will constitute the contract of the parties, and one party is not permitted to escape from its obligations by showing that he did not intend to do what his words bound him to do." *Brant v. California Dairies*, 4 Cal.2d 128, 48 P.2d 13 (1935). Accord: *Sass v. Hank*, 108 Cal.App.2d 207, 211, 238 P.2d 652 Dist. 1951("When an agreement has been thus reduced the contractor has the right to rely strictly upon the written word.").

3. "Unless a different intention is manifested, [¶] (a) where language has a generally prevailing meaning, it is interpreted in accordance with that meaning; [¶] (b) technical terms and words of art are given their technical meaning when used in a transaction within their technical field." RESTATEMENT OF THE LAW – CONTRACTS SECOND § 202(3).

4. Paragraphs 19.3, 13.3 and 25 of the Agreement are not ambiguous. Together, they limit Plaintiff's claim to royalties due.

5. Parties are free to enter into agreements, including the Agreement governing this one, waiving remedies. *See*, *e.g.*, *Walnut Producers of California v. Diamond Foods, Inc.*, 187 Cal.App.4th 634, ___ Cal.Rptr.3d ___, 2010 WL 3213613 (3rd Dist., August 16, 2010).

6. Plaintiff's claims for copyright infringement and trademark infringement are thereby foreclosed by the Agreement.

7. Accordingly, the claims for copyright infringement and trademark infringement, Counts I through V of the Complaint, must be dismissed.

8. The court may decline to exercise supplemental jurisdiction where the district court has dismissed the claims on which its original jurisdiction was based. 28 U.S.C. § 1367(c)(3).

9. Supplemental jurisdiction may be declined if "judicial economy, convenience, fairness to the parties and comity," factors enumerated in *United Mine Workers v. Gibbs*, *supra*, are compelling. *Executive Software No. America, Inc. v. United States Dist. Ct. (Page)*, 24 F3d 1545, 1557 (9th Cir. 1994).

10. Because the amount involved in the remaining claims is less than $400, the court finds that the California state court system would be well-equipped to resolve any dispute and that judicial economy compels that this controversy is better suited to the California state courts than to the federal courts.

11. Therefore, the case must be dismissed pursuant to 28 U.S.C. 1367(c), without prejudice against plaintiff's pursuit of the claims other than Counts I through V in the state courts of California.

12. The court should exercise its discretion and award attorneys fees pursuant to 17 U.S.C. § 505 because the copyright claim was groundless as foreclosed by contract.

13. This is an "exceptional case" pursuant to 15 U.S.C. § 1117 because the trademark claims were groundless as foreclosed by contract.

14. Courts are to use the Lodestar method, the number of hours reasonably expended times a reasonable hourly rate. That applies to both the Copyright Act, *Lanard Toys Ltd v. P.C. Woo Inc.*, 238 F.3d 429, (9th Cir. 2000), and the Lanham Act. *Cairns*, *supra*, 115 F.3d at 1157.

---

K:\Files\XoD LLC C2014\XOD adv Fraserside\10-008-p-Separate Statement.wpd **Page 8**

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Local Rule 56-1]

1
2  15. The amount of fees claimed by the Declaration of Clyde DeWitt is reasonable.
3  16. Under the Lodestar calculation, an award of attorneys fees is appropriate in an
4 amount equal to $425 per hour times the number of hours reflected in Mr. DeWitt's
5 declarations.[1]

6 Dated: September 20, 2010.  Respectfully Submitted,

7        CLYDE DeWITT
         LAW OFFICES OF CLYDE DEWITT
8

9        By:  /s/ Clyde DeWitt
           Clyde DeWitt
10
        Counsel for Defendant XOD, LLC
11

---

[1] The court should insert the number of hours equal to the sum of the hours claimed in the Declaration of Clyde DeWitt submitted with this motion, along with the supplemental declaration that will be submitted with the reply papers.

---

K:\Files\XoD LLC C2014\XOD adv Fraserside\10-008-p-Separate Statement.wpd **Page 9**

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

[Local Rule 56-1]

## PROOF OF SERVICE BY MAIL AND EMAIL

[Pursuant to Nev. R. Civ. Proc 5; Calif. Code of Civil Procedure § 1013a(3); and Fed. R. Civ. Proc. 5]

I am a resident of and/or employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. I work at the Law Office of Clyde DeWitt, located at 732 South Sixth Street, Suite 100, Las Vegas, Nevada and 20750 Ventura Blvd., Suite 204, Woodland Hills, CA 91364. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, any correspondence delivered to our firm's mail room employee(s) is routinely deposited with the United States Postal Service on the same day.

On the date shown below, I served the foregoing document(s) on the interested parties in this action, by **emailing** a true copy to the email address listed below and by placing a true copy thereof enclosed in a sealed envelope, first class, with postage thereon fully prepaid, and either: (1) personally delivering it to our firm's **mail** room employee(s) for deposit with the United States Postal Service pursuant to our firm's ordinary business practice; or (2) personally depositing such correspondence directly in the United States mail, addressed as follows:

**SPENCER D FREEMAN**
**FREEMAN LAW FIRM INC**
**2104 N 30TH STREET**
**TACOMA, WA 98403**
**sfreeman@freemanlawfirm.org**

I declare under penalty of perjury under the laws of the United States and the States of Nevada and California that the foregoing is true and correct.

Executed on September 20, 2010.

                                                      /s/ Clyde DeWitt
                                                      Clyde DeWitt

---

K:\Files\XoD LLC C2014\XOD adv Fraserside\10-008-p-Separate Statement.wpd   **Page 10**

**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

**[Local Rule 56-1]**