TIMOTHY DILLON (SBN 190839)
DILLON & GERARDI APC
4660 La Jolla Village Drive, Suite 1040
San Diego, CA 92122
(858) 587-1800
Facsimile: (858) 587-2587
E-mail: tdillon@dillongerardi.com

SPENCER D. FREEMAN (*pro hac vice*)
FREEMAN LAW FIRM, INC.
2104 N. 30th St.
Tacoma, WA 98403
(253) 383-4500
E-mail: sfreeman@freemanlawfirm.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRASERSIDE HOLDINGS, LTD., a foreign limited liability company<br><br>    Plaintiff,<br><br>    vs.<br><br>XOD LLC, a Delaware corporation, d/b/a XonDemand, Xondemand.com<br><br>    Defendant. | **Case No.:  CV 10-5174 GW (FMOx)**<br><br>Hon. George H. Wu<br>    United States District Judge<br><br>Hon. Fernando M. Olguin<br>    United States Magistrate Judge<br><br>**STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**<br><br> Date:  Tuesday, November 22, 2010<br> Time: 8:30 AM<br> Courtroom:  10 |

COMES NOW Plaintiff Fraserside Holdings, Ltd., by and through its undersigned counsel, and submits this Statement of Genuine Issues of Material Fact pursuant to Local Rule 56-2:

| Material Fact in Genuine Issue | Source |
| --- | --- |
| 1.  On March 2, 2006, Fraserside agreed to enter into a Video Streaming Agreement with XOD, as a result of being approached by XOD. | Moran Decl. ¶ 7, Ex. A |
| 2.  The Video Streaming Agreement was presented by XOD, not drafted by Fraserside. | Moran Decl. ¶ 8 |
| 3.  The Video Streaming Agreement is similar to other agreements entered into by XOD. | Hoover Decl. ¶ 3 |
| 4.  The Video Streaming Agreement did not require XOD a licensing fee, which is a common Fraserside engagement.  Rather, the licenses were granted inconsideration for XOD's payment of fifty percent (50%) of revenues generated from the Content. | Moran Decl. ¶ 8 |
| 5.  The Video Streaming Agreement provided that one (1) year after the Effective Date of the Agreement, Fraserside could terminate the Agreement with thirty (30) days written notice to the Defendant XOD.  The license granted by Fraserside **would not survive** termination of the Agreement.  Upon termination, Defendant XOD was required to remove all of Plaintiff Fraserside's content from Defendant's services and return or destroy all content and copies of Plaintiff's content. | Moran Decl. ¶ 7, Ex. A |

| | |
|---|---|
| 6. Fraserside did not agree to preclude claims for copyright or trademark infringement for use of its protected works after termination of the XOD's licensing rights. | Moran Decl. ¶ 9 |
| 7. It was Fraserside's intent, in the limitation of liability section of the Video Streaming Agreement with XOD, Paragraph 19.3, to limit liability to damages incurred during the *proper and lawful* use of Fraserside's copyright and trademarks, use *with* a license. | Moran Decl. ¶ 10 |
| 8. On March 5, 2007, Fraserside sent XOD a Termination Notice, terminating XOD's licensing rights, both copyright and trademark, thirty (30) days after delivery of the Notice. | Moran Decl. ¶ 11 |
| 9. The Termination Notice was sent to 400 Lincoln Ave. Unit 3A, Harboro, PA 19040, the exact address XOD provided Fraserside in the Video Streaming Agreement. | Moran Decl. ¶ 12 |
| 10. On March 8, 2007, The Termination Notice was delivered to 400 Lincoln Ave. Unit 3A, Harboro, PA 19040, the exact address XOD provided Fraserside in the Video Streaming Agreement. | Moran Decl. ¶ 12, Ex B |
| 11. In April 2007, XOD manager Frank Ryan informed XOD employees that Fraserside had terminated the Video Streaming Agreement. | Hoover Decl. ¶ 4 |
| 12. Subsequent to and with knowledge of the Termination Notice, XOD continued to display and | Moran Decl. ¶¶ 13-14 |

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

| | |
|---|---|
| distribute Fraserside's copyrighted films and trademark. | |
| 13.  XOD's display of Fraserside's copyrighted work and trademark continued through August 2010, when this lawsuit was filed. | Moran Decl. ¶ 14 |
| 14.  XOD's continues to display Fraserside's trademark, and receive benefit from the trademark, as of the date of this motion. | Moran Decl. ¶ 15 |
| 15.  It is a pattern of XOD's business practices to continue to use copyrighted works after XOD's licensing rights have been terminated. | Hoover Decl. ¶¶ 5-7 |
| 16.  Fraserside's lawsuit pending in United States District Court, Northern District of California is based upon use of Fraserside's copyright and trademark outside the scope and terms of a license *and* upon display/distribution of copyright and trademark. These claims are valid claims, Fraserside is not engaging in a business model of litigation. | Moran Decl. ¶ 19 |
| 17.  Fraserside's CEO did *not* invite its content to be stolen, pirated, or infringed. | Milton Decl. ¶¶ 6-18 |
| 18.  In 2007, after the Termination Notice was delivered, XOD made three payments, averaging $71.97. | Moran Decl. ¶ 16 |
| 19.  In 2008, after the Termination Notice was delivered, XOD made seven payments, averaging $96.66. | Moran Decl. ¶ 17 |
| 20.  Fraserside believed that XOD owed fees from the | Moran Decl. ¶ 18 |

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

use of Fraserside's films and trademark during the year XOD's license was valid.  Fraserside believed the payments in 2007 and 2008 were towards fees owed by XOD from before the license termination.

Dated: October 31, 2010                Respectfully Submitted,

                                       SPENCER D. FREEMAN
                                       FREEMAN LAW FIRM, INC.


                                       By: ___/s/ Spencer D. Freeman___
                                             Spencer D. Freeman

                                       DILLON & GERARDI

                                       By: s/ Timothy Dillon
                                       Timothy Dillon (CBN #190839)

                                       Counsel for Plaintiff Fraserside

STATEMENT OF GENUINE ISSUES OF MATERIAL FACT