# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-5174-GW(FMOx) | Date | December 13, 2010 |
| Title | *Fraserside Holdings, Ltd. v. XOD, LLC* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Sandra Becerra | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Spencer D. Freeman | Clyde F. DeWitt |

**PROCEEDINGS:**   **DEFENDANT XOD, LLC'S MOTION (1) FOR SUMMARY JUDGMENT ON COUNTS I-V AND (2) TO DISMISS THE REMAINING CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION (filed 09/20/10)**

Court hears oral argument. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant XOD, LLC's Motion (1) for Summary Judgment on Counts I-V and (2) to Dismiss the Remaining Claims for Lack of Subject Matter Jurisdiction is **denied.**

:   11

Initials of Preparer   JG

*Fraserside Holdings, Ltd. v. XOD LLC*, Case No. CV-10-5174
Tentative Ruling on Motion for Summary Judgment

**Introduction**

Plaintiff Fraserside Holdings, Ltd. ("Fraserside" or "Plaintiff") alleges various federal and state law claims against Defendant XOD, LLC ("XOD" or "Defendant") all arising from allegations that XOD continued to display and distribute Plaintiff's copyrighted works on XOD's website (i.e. www.xondemand.com) even after Plaintiff had terminated a licensing agreement between the parties. XOD now has filed a motion seeking summary judgment in its favor on Plaintiff's claims in Counts I-IV of the Complaint alleging violations of the Copyright Act and Lanham Act, and seeking dismissal of the remainder of the Complaint for lack of subject matter jurisdiction.

XOD's Motion for Summary Judgment ("MSJ"), Separate Statement of Uncontroverted Facts ("SUF"), and supporting evidence were filed on September 20, 2010. Fraserside's Opposition, Statement of Genuine Issues of Material Fact ("SGI'), and supporting evidence were filed on November 1, 2010. XOD's Reply, evidentiary objections, and a supplemental declaration were filed on November 29, 2010.

None of the facts set out in the SUF (which does not even make express reference to the contractual limitation of liability that presents the "only issue" in this motion) nor any legal argument made by XOD shows that XOD is entitled to summary judgment in its favor. Fraserside's SGI does not specifically refute any of the items in XOD's Separate Statement of Uncontroverted Facts ("SUF"), but instead purports, unnecessarily, to establish additional facts which would prevent summary judgment in this case. Even if XOD's separate statement somehow tracked any of its arguments in favor of summary judgment, the MSJ would still have to be denied - even if Fraserside had filed no opposition at all.

**Background**

In its Reply, XOD acknowledges that the "only issue" involved in this motion is whether Fraserside is contractually barred from its copyright and trademark infringement claims by the licensing agreement executed on March 2, 2006, entitled "Video Streaming Agreement" ("VSA"). See Reply 1: 7-9.[1] The VSA was attached as Exhibit 101 to Defendant's Answer and was also submitted by Defendant as Exhibit B to the Declaration of Frank Ryan and (minus the addendum listing the titles that were initially provided by Plaintiff to Defendant) by Fraserside as Exhibit A to the Declaration of James Moran.

In connection with the sole issue of whether Plaintiff's claims are contractually barred, the following facts are undisputed: Fraserside is a producer of "brand driven" motion picture films. Compl. ¶ 7. Fraserside is the owner of Cine Craft, Ltd., and has all rights to pursue the trademark and/or copyright claims of Cine Craft, Ltd. Cine Craft, Ltd., owns and maintains the

---

[1] Based partly on this representation, the Court disregards other possible arguments that are alluded to in XOD's moving papers - e.g., the supposedly "viable barrier to recovery concerning the trademark infringement claims" referenced at fn. 5 of XOD's motion - which in any event are unsupported by any evidentiary citation or facts set forth in XOD's Separate Statement.

-1-

trademark and trade name "PRIVATE," as well as its derivatives, logotypes, applications and modifications and all the additional related trademarks and applications. Id. at ¶ 8.

XOD operates a Web site which makes available to customers adult motion pictures that they can view on their computers on a per-minute basis. SUF No. 1. Such businesses are known as "video on demand" businesses. SUF No. 4. For the most part, video on demand businesses (such as XOD) acquire their libraries of movies by entering into licensing agreements with separate copyright owners such that the latter are paid a commission representing a percentage of the revenue of the video on demand business generated by the licenses. SUF No. 5.

On March 2, 2006, the parties herein entered into the VSA. SGI No. 1. Under the VSA, Fraserside was obligated to provide to XOD 200 units of Private branded films in DVD format "for the sole purpose of allowing Company customers to stream or rent digitized parts of the Films or complete Films through [XOD]." See VSA at ¶ 1. The films were to be delivered as follows: 100 films at the date of signature of the Agreement; 50 films after the first month; and 50 films after the second month. Id. After the third month, additional titles were to be provided in a monthly basis "at Fraserside's sole discretion." Id. The VSA did not require a licensing fee, but, rather, the licenses were granted in consideration for XOD's payment of fifty percent of revenues generated from the licensed content. SGI No. 4; VSA ¶ 6.1.

The VSA contained a "Termination" provision under which it could be terminated by either party after one year, upon 30 days notice. VSA ¶ 13.1. The Termination provision included this language: "The following paragraphs will survive termination of this Agreement: 6, 7, 11, 15, 16, 16, 17, 18, 19, and 21." Id. at ¶ 13.3. Elsewhere, under the heading, "Survival," the VSA stated, "All terms of this Agreement which by their nature extend beyond its termination, remain in effect until fulfilled and apply to respective successors and assigns." Id. at ¶ 25. Among the paragraphs referenced in this section is ¶ 19, which sets out the "Limitation on Liability" invoked by Defendant to negate (supposedly) Plaintiff's copyright and trademark claims. Paragraph 19 states in part:

> IN NO EVENT WILL EITHER PARTY BE LIABLE FOR (I) ANY CONSEQUENTIAL, INDIRECT, EXEMPLARY, OR INCIDENTAL DAMAGES, INCLUDING ANY LOST DATA AND LOST PROFITS ARISING FROM OR RELATING TO THIS AGREEMENT; OR, (II) FOR DAMAGES EXCEEDING THE TOTAL AMOUNT OF ALL FEES PAYABLE TO THE OTHER PARTY HEREUNDER. EACH PARTY ACKNOWLEDGES THAT THE FOREGOING LIMITATION REFLECTS THE ALLOCATION OF RISK SET FORTH IN THIS AGREEMENT AND THAT NEITHER PARTY WOULD ENTER INTO THIS AGREEMENT WITHOUT THESE LIMITATIONS ON LIABILITY.

Id. at ¶ 19.3.

On March 5, 2007, Fraserside sent XOD a Termination Notice. SGI No. 8; Moran Decl., Exh. B. Although it initially indicated that it never received such notice, in its Reply, XOD writes, "For purposes of this motion, Defendant will assume that Plaintiff sent it a termination notice . . . because, at least at this juncture, there is no evidence to the contrary." Reply 2:7-9.

It is undisputed that the content licensed by XOD by Fraserside was not removed from XOD's website until at least July 2010. See Ryan Decl. ¶ 14. In 2007, after the Termination Notice was delivered, XOD made three payments to Fraserside averaging $71.97. SGI No. 18.

In 2008, XOD made seven payments to Fraserside averaging $96.99. Id. No. 18. Fraserside indicates that it believed the payments in 2007 and 2008 were towards fees owed by XOD from before the license termination. See SGI No. 20. In any event, XOD does not contend in its motion that the acceptance of licensing fees after termination negates Plaintiff's claims, but only that Fraserside is somehow barred by the contractual limitation on liability.

**Legal Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, there must be sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party." Id. The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact. Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this initial burden of production, a moving party must either (1) produce evidence negating an essential element of the other party's case, or (2) point out that the other party does not have enough evidence on an essential element to carry the non-moving party's burden of persuasion at trial. Nissan Fire & Marine Ins. Co. V. Fritz Cos., 210 F. 3d 1099, 1102 (9th Cir. 2000). "Once the moving party meets its initial burden, . . . the burden shifts to the nonmoving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation marks and citations omitted).

**Analysis**

XOD's MSJ must be denied for at least two reasons. First, the contractual limitation on liability provision does not have the legal effect that XOD says that it does. Second, even if the limitation on liability did have the effect of limiting Plaintiff's claim of damages, it's existence still would not be fatal to Plaintiff's claim of copyright infringement.

The limitation on liability provision is limited to actions "arising from or relating to this agreement" and by its own terms does not apply to infringing activities beyond the duration of the VSA. A United States District Court case, Valve Corp. v. Sierra Entertainment, Inc., 431 F. Supp. 2d 1091 (W.D. Wash. 2004), is instructive. There, the court found that defendants exceeded the scope of their license by distributing plaintiff's product to cyber-cafes and were liable for copyright infringement notwithstanding a contractual limitation on liability. It wrote:
> The Court finds that Sierra/Vivendi's distribution of Valve games to cyber-cafes is not "under or in connection with" the 2001 Agreement, and that the limitation on liability provision does not apply to Plaintiff's copyright claims. Defendants have made themselves a "stranger" to the provisions and protections of the 2001 Agreement by exceeding the scope of their license. See Marshall v. New Kids on the Block Partnership, 780 F. Supp. 1005, 1009 (S.D.N.Y. 1991) ("a copyright licensee can make

> himself a stranger to the licensor by using the copyrighted material in a manner that exceeds either the duration or the scope of the license").

Id. at 1102.

There are two obvious features that distinguish the present case from Valve Corp. The first is that the "relating to" language in the VSA is arguably broader than the "under or in connection with" language in Valve Corp. The second is the parties' express agreement, at Paragraph 13.3 that the limitation on liability "would survive termination of this Agreement." Nevertheless, the limitation on liability does not extend to claims of copyright infringement. If XOD's interpretation were correct, it would mean that XOD could continue using Plaintiff's content for as long as it wanted as though the licensing agreement had never been revoked, as long as it continued to pay royalties. This could not have been the intent of the parties. Use of copyrighted works after a license is terminated constitutes willful copyright infringement. See Peer International Corp., v. Pausa Records, Inc., 909 F.2d 1332 (9th Cir. 1990). Copyright infringement is outside of the scope of the licensing agreement.

Even if the limitation on liability did limit Plaintiff's claim of damages, this would not constitute "evidence negating an essential element of the other party's case," Nissan, 210 F. 3d at 1102, because as Plaintiff observes, damages are not an essential element of a claim of copyright infringement. See Davis v. The GAP, Inc., 246 F.3d 152, 158-59 (2nd Cir 2001). Fraserside's Copyright Infringement Claims, pursuant to 17 U.S.C. § 501, require proof of the following essential elements: (1) ownership of a valid copyright, and (2) that defendant violated copyright owner's exclusive rights under the Copyright Act. See Funky Films, Inc. v. Time Warner Entertainment Company, L.P., 462 F.3d 1072, 1076 (9th Cir. 2006); Ellison v. Robertson, 357 F.3d 1072, 1076-1077 (9th Cir. 2004). Contributory copyright infringement includes an additional essential element that the defendant, with knowledge, induced, caused, or materially contributed to the infringing conduct of another. Ellison, 357 F.3d at 1077. "Notably absent from the plaintiff's *prima facie* case is the need to demonstrate damage or any harm to plaintiff resulting from the infringement." Vol. 4, Nimmer on Copyright § 13.01, at page 13-6 (2010) ("Nimmer").[2] Thus, Defendant has not shown that it is entitled to summary judgment on Plaintiff's copyright infringement claims.

As Plaintiff notes and Defendant concedes, the remainder of Defendant's motion flows from its argument on the limitation of damages provision. Thus, the motion must be denied in its entirety.

**Conclusion**

For the foregoing reasons, XOD's Motion for Summary Judgment should be DENIED.

---

[2] Nimmer further observes that, "[n]onetheless, it has been held that the plaintiff's inability to recover any form of monetary or equitable relief can warrant a defense summary judgment." Id. Here, the limitation on damages provision would merely limit, and not extinguish, Plaintiff's claim of damages.