1  Clyde DeWitt
   California State Bar No. 117911
2  Law Offices of Clyde DeWitt,
        A Professional Corporation
3  20750 Ventura Blvd., Suite 204
   Woodland Hills, CA 91364
4  (310) 392-2600
   Fax (310) 362-8667
5  *clydedewitt@earthlink.net*

6  Attorneys for Defendant, XOD, LLC

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| FRASERSIDE HOLDINGS, LTD., a foreign limited liability company, | Case Number **CV 10-5174-JAK-FMO** |
| | Hon. John A. Kronstadt, |
| Plaintiff, | United States District Judge |
| v. | Hon. Fernando M. Olguin, |
| | United States Magistrate Judge |
| XOD LLC, a Delaware corporation, d/b/a XonDemand, Xondemand.com | **NOTICE OF RENEWED MOTION AND RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW** |
| Defendants, | |

17                                   Hearing:

18                                   Date: September 19, 2011

19                                   Time: 10:30 AM

20                                   Courtroom:  750 (Seventh Floor)
                                         312 N. Spring Street
21                                        Los Angeles, CA 90012

22                                   1. NOTICE OF MOTION AND  MOTION TO
                                     WITHDRAW; SUPPORTING MEMORANDUM OF
23                                   POINTS AND AUTHORITIES; DECLARATION OF
                                     CLYDE DEWITT;

24
                                     2. [PROPOSED] ORDER GRANTING MOTION TO
25                                   WITHDRAW

26

27                             **Page 1**

28      **RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

## NOTICE OF MOTION AND MOTION

TO ALL COUNSEL AND PARTIES OF RECORD

Please take notice that on the 19th day of September, 2011 at 10:30AM or as soon thereafter as the matter can be heard, the undersigned, counsel of record for XOD, LLC, the only defendant in the case, will renew its motion and renews same for an order, substantially in the form of the proposed order submitted herewith, allowing counsel to withdraw from representation of the defendant.

The motion will be based upon the this Notice and Motion; the supporting Memorandum of Points and Authorities submitted herewith; the Declaration of Clyde DeWitt submitted herewith; the Proposed Order submitted herewith; along with any evidence and/or argument that may be included in any reply papers and/or offered at the hearing on this motion.

Dated: August 23, 2011.

Respectfully Submitted,

CLYDE DeWITT
LAW OFFICES OF CLYDE DEWITT

By:    /s/ Clyde DeWitt
       Clyde DeWitt

Counsel for Defendant XOD, LLC

---

**Page 2**

**RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

**CERTIFICATE PURSUANT TO LOCAL RULE 7–3**

As required by Local Rule 7-3, I have contacted the party most impacted by this application, XOD, LLC; and, when I ultimately made contact, the representative instructed me to withdraw.

As to opposing counsel (Spencer E. Freeman, Esq.), I contacted him by email in late May of 2011, to which he responded, "I will not oppose if you feel that you need to withdraw, nor question your reasons." I have discussed the motion with him on several occasions since then and he has continued to express non-opposition.

Signed on August 23, 2011.

/s/ Clyde DeWitt
Clyde DeWitt

Counsel for Defendant, XOD, LLC

**Page 3**

RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    The undersigned hereby renews his motion to withdraw, a copy of which is Exhibit A

3  to the Second Declaration of Clyde DeWitt, attached hereto.

4    At the previous hearing, the court indicated its inclination to allow the requested

5  withdrawal, although requested re-notification of the client, which now has been

6  accomplished.

7    As noted, the client understands the consequences and clearly finds acceptable the

8  proposition of my withdrawal and a default against XOD, LLC.

9    As noted in the attached, original motion and the Second Declaration of Clyde

10  DeWitt, the undersigned has complied with all applicable rules.

11    Accordingly, the undersigned requests an order allowing withdrawal of the

12  undersigned.

13  Dated: August 23, 2011.                    Respectfully Submitted,

14                                             CLYDE DeWITT
                                               LAW OFFICES OF CLYDE DEWITT
15

16                                             By:   /s/ Clyde DeWitt
                                                     Clyde DeWitt
17
                                               Counsel for Defendant XOD, LLC
18

19

20

21

22

23

24

25

26

27                                  **Page 1**

28    **RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

### SECOND DECLARATION OF CLYDE DeWITT

I, CLYDE DeWITT, declare as follows:

1.     I am an attorney, practicing as indicated above and attorney for the defendant, XOD, LLC ("XOD"), in the above-captioned matter, in connection with which I have, unless otherwise indicated, personal knowledge of the following:

2.     I renew my Motion to Withdraw, a copy of which, along with its supporting papers, is attached as Exhibit A to this declaration.

3.     Since the filing of my original motion to withdraw, the following transpired:

4.     I ultimately was presented with a settlement offer by the Plaintiff, the terms of which are confidential.  For the first time, Plaintiff presented a settlement offer that I had authority to accept.  Accordingly, Plaintiff's counsel and I worked jointly to draft a settlement agreement that, according to my understanding, was one which I had been given authority to accept by the representative of XOD who had been my contact person, Mr. Frank Ryan.

5.     On July 13, 2011, I sent by email to Mr. Ryan a copy of the settlement agreement that Mr. Freeman and I had drafted, along with a message saying, "You authorized settlement by [explaining the terms].  I got a better deal: [Explaining].  Please review the attached [draft settlement agreement]."

6.     The only response I received from that missive was a voice mail on my cell phone from Mr. Ryan (who customarily would call my cell phone to contact me), rejecting the settlement agreement unless an additional term was added which, as I expected, Plaintiff would not accept.

7.     I have attempted to contact Mr. Ryan several times since then, including on August 10, 2011, when I sent an email to him saying, "As I have told you, I have a telephonic appearance tomorrow (Thursday) at 8:30 AM PDT.  If we don't agree to the settlement that

---

**Page 1**

**RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

I worked out, the judge will take me off the case and enter a default against XOD.   My home number is [home telephone number was inserted here].  You have all of my other numbers but, in case, they are below; my cell is 310.991.2710.  I have left you a voicemail and an email to that effect as well."

8.      I indeed did leave him a voice mail saying exactly what I said in the email.

9.      I have communicated with Mr. Ryan on several occasions about the fact that a corporation cannot be represented by anyone other than a member of the Bar of this court. Mr. Ryan is, in my opinion, a sophisticated businessman and thoroughly understands that rule.

10.      At the time of filing of this renewed motion, I am sending it to Mr. Ryan by both Federal Express and email, with a cover letter, saying,

"At the recent hearing in this matter, the court continued my motion to withdraw to September 19, 2011 at 10:30 AM, the date indicated in the enclosed motion. The court has indicated that he expects to relieve me at that time and, if you have not produced substitute counsel, enter a default against XOD, LLC.  As we have discussed, a corporation cannot be represented by anyone other than an attorney.  I urge you to find replacement counsel prior to the September 19, 2011 hearing to avoid a default.  Feel free to contact me if you have any questions."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed August 23, 2011.


                                             /s/ Clyde DeWitt
                                             Clyde DeWitt

---

**Page 2**

**RENEWED MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**Original Motion to Withdraw**

1   Clyde DeWitt
    California State Bar No.  117911
2   Law Offices of Clyde DeWitt,
          A Professional Corporation
3   20750 Ventura Blvd., Suite 204
    Woodland Hills, CA 91364
4   (310) 392-2600
    Fax (310) 362-8667
5   *clydedewitt@earthlink.net*

6   Attorneys for Defendant, XOD, LLC

7

8            **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| FRASERSIDE HOLDINGS, LTD., a foreign limited liability company, | Case Number **CV 10-5174-JAK-FMO** |
| Plaintiff, | Hon. John A. Kronstadt, United States District Judge |
| v. | Hon. Fernando M. Olguin, United States Magistrate Judge |
| XOD LLC, a Delaware corporation, d/b/a XonDemand, Xondemand.com | **EX PARTE APPLICATION FOR AN ORDER ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW** |
| Defendants, | |

17   1. EX PARTE APPLICATION; MEMORANDUM OF
18   POINTS AND AUTHORITIES; DECLARATION OF
     CLYDE DEWITT

19   2. [PROPOSED] ORDER GRANTING EX PARTE
20   APPLICATION;

21   3. [PROPOSED] MOTION TO WITHDRAW;
     SUPPORTING MEMORANDUM OF POINTS AND
22   AUTHORITIES; DECLARATION OF CLYDE
     DEWITT;

23   4. [PROPOSED] ORDER GRANTING MOTION TO
24   WITHDRAW

25

26

27              **Page 1**

28        **EX PARTE APPLICATION FOR AN ORDER**
     **ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

1    The undersigned, counsel of record for XOD, LLC, the only defendant in the case,

2    moves for an order, substantially in the form of the proposed order submitted herewith,

3    allowing immediate filing and consideration of the [Proposed] Motion to Withdraw from

4    representation of the defendant.  The grounds – the reasons why this must be brought as an

5    *ex parte* application – are included in the Memorandum of Points and Authorities and

6    Declaration of Clyde DeWitt, filed herewith.

7    Dated: June 6, 2011.                    Respectfully Submitted,

8                                            CLYDE DeWITT
                                             LAW OFFICES OF CLYDE DEWITT
9

10                                           By:  ___/s/ Clyde DeWitt_____
                                                      Clyde DeWitt
11

12                                           Counsel for Defendant XOD, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              **Page 2**

28                    **EX PARTE APPLICATION FOR AN ORDER**
          **ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**
     K:\Files\XoD LLC C2014\XOD adv Fraserside\11-025-p-Ex Parte Application to Withdraw.wpd

**CERTIFICATE PURSUANT TO LOCAL RULE 7–3**

As required by Local Rule 7-3, I have contacted the party most impacted by this application, XOD, LLC; and, when I ultimately made contact, the representative instructed me to withdraw.

As to opposing counsel (Spencer E. Freeman, Esq.), I contacted him by email; he responded (12 days ago), "I will not oppose if you feel that you need to withdraw, nor question your reasons."

Signed on June 6, 2011.

/s/ Clyde DeWitt
Clyde DeWitt

Counsel for Defendant, XOD, LLC

**Page 3**

## MEMORANDUM OF POINTS AND AUTHORITIES

To the surprise of the undersigned counsel, some time following the settlement conference in this case on February 2, 2011, when the undersigned needed to contact his client, XOD, LLC ("XOD"), it effectively vanished, becoming totally incommunicado. Finally, on June 3, 2011, the individual who has been the contact person for XOD since the inception of his representation called undersigned. He explained that XOD had no ability or intent to satisfy any significant part of the outstanding balance of its moneys owed to the undersigned; nor any intent whatsoever to pay for future representation. Moreover, the client instructed the undersigned to do nothing further in the case, as a result of which the undersigned has no authority to further act on behalf of the client. Accordingly, the undersigned has no choice but to withdraw.

### The Reason Why this Cannot Be Brought as a Noticed Motion

The undersigned is well aware of the court's distaste for *ex parte* applications. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488 (C.D. Cal. 1995); *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191 (C.D. Cal. 1989); Local Rule 7–19 and 7–19.1. Nothing in what follows is inconsistent with the admonitions contained in those opinions and rules.

The scheduling order in this case (Docket Item No. 22, dated October 7, 2010) established the date for the pretrial conference as June 30, 2011 at 8:30 AM and a Jury Trial for July 12, 2011 at 9:00 AM. The notice requirements for a regularly noticed motion would cause the hearing date to collide with the scheduled dates for the pretrial conference and trial.

Bringing this as an ex parte application rather than a noticed motion will not prejudice the opposition. As noted, opposing counsel has been notified of this impending motion and has no opposition to it; and the client has instructed the undersigned to withdraw.

---

**Page 1**

EX PARTE APPLICATION FOR AN ORDER
ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW

Bringing this as a noticed motion, however, will severely prejudice the undersigned counsel. As noted in the Declaration of Clyde DeWitt and the Certificate pursuant to Local Rule 7–3, it could not have been brought sooner because of a combination of difficulty communicating with the client and then, once there had been communication, the need to wait 10 days, pursuant to Local Rule 7–3, after conference with opposing counsel before bringing it. If brought as a noticed motion now, it could not be heard until July 11, 2011 (because Monday, July 4, 2011, which ordinarily would be motion day, is a holiday). That would be with the minimum 28 days under local rules.[1] But the pretrial conference in this case is June 30, 2011, over a week before the motion could be heard; and the July 12, 2011 trial date would be the day following hearing the motion. That would require the undersigned to participate in preparing the proposed pretrial order, as well as preparing witness and exhibit lists, jury instructions and other necessary pre-trial documents and preparation. If this is considered as an *ex parte* application, likely the plaintiff immediately will move to strike XOD's pleadings and seek a default, obviating the necessity of a trial.

/

/

/

/

/

/

/

/

/

---

[1] See Local Rule 6–1.

---

**Page 2**

**EX PARTE APPLICATION FOR AN ORDER**
**ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

K:\Files\XoD LLC C2014\XOD adv Fraserside\11-025-p-Ex Parte Application to Withdraw.wpd

**Conclusion**

Accordingly, the undersigned respectfully requests an order allowing the immediate consideration of the [Proposed] Motion to Withdraw, lodged herewith.

Dated: June, 6, 2011.                         Respectfully Submitted,

CLYDE DeWITT
LAW OFFICES OF CLYDE DEWITT


By:  ___/s/ Clyde DeWitt_____
         Clyde DeWitt

Counsel for Defendant XOD, LLC

---

**Page 3**

**Note: For the convenience of the court, it is noted that this declaration is identical, to the one included with the [Proposed] Motion to Withdraw.**

**DECLARATION OF CLYDE DeWITT**

I, CLYDE DeWITT, declare as follows:

1.      I am an attorney, practicing as indicated above and attorney for the defendant, XOD, LLC ("XOD"), in the above-captioned matter, in connection with which I have, unless otherwise indicated, personal knowledge of the following:

2.      The skeletal information disclosed herein about communication between, on the one hand, XOD, its functionaries and its attorney and, on the other hand, me or my office, does not constitute a waiver of any privilege, including but not limited to, the attorney-client and work-product privileges.

3.      During 2004, I was contacted by Harry J. Stathopoulos ("Stathopoulos "), an attorney in Charlotte, NC.  Mr. Stathopoulos introduced me to his client, XOD and Frank Ryan ("Ryan"), who then and ever since then has been my contact person at XOD.  I was then retained to assist Mr. Stathopoulos in giving legal advice to XOD, particularly compliance issues, by virtue of a retainer agreement executed in April of 2004.

4.      Shortly after XOD was served with summons and complaint in the above-captioned matter (in August of 2010), XOD specifically retained me to defend it in the above-captioned litigation by virtue of a retainer agreement executed on August 19, 2010.

5.      I have never had any difficulty communicating with either Mr. Ryan or Mr. Stathopoulos until very recently, as explained below.

6.      With respect to this lawsuit, I communicated with Messrs. Ryan and Stathopoulos primarily by email, but occasionally by telephone (cellular phones in most cases).  The communication was as needed, but always without difficulty.

---

**Page 1**

**EX PARTE APPLICATION FOR AN ORDER**
**ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

7. There was a settlement conference in this case which took place in early February of this year. Prior to that settlement conference, I regularly communicated with Messrs. Stathopoulos and Ryan concerning it.

8. Pursuant to plan, Mr. Ryan came to Los Angeles and appeared at the settlement conference, as did I. We extensively prepared for it beforehand, both by telephone and email and in person.

9. Since the settlement conference, I have sent emails jointly to Messrs. Ryan and Stathopoulos on the following dates, each requesting that they contact me: March 9, April 1, April 29, 2011. The latter reflected the following, which was accurate: "Over the last few weeks, I have attempted to leave phone messages for Harry; and have left several for Frank. Please contact me immediately. I cannot and will not represent a client with whom I cannot communicate." Those three emails were all to email addresses that I had used for the respective recipients for years; and none was associated with a reported delivery failure (as would be the case with my service provider, Earthlink). The telephone calls all had been to the phone numbers where I had reached the respective individuals at least for the last year, probably longer. Those included Mr. Ryan's cell number (the only telephone number that I had for him), and both the office number and cell number for Mr. Stathopoulos. I could not leave a message at Mr. Stathopoulos' office because, although it had a typical outgoing message, it would not accept messages; both cell numbers (Messr. Ryan and Stathopoulos) did accept messages, and I left several at each during April of 2011.

10. This all completely surprised me because client communication had never been a problem in the past.

11. Accordingly, on Tuesday, May 17, 2011, I sent a letter by Federal Express and email to all of the individuals who I deemed relevant at all of postal and email addresses that I knew. Portions of the letter relevant to this application stated the following:

---

**Page 2**

**EX PARTE APPLICATION FOR AN ORDER**
**ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

1    "Gentlemen:

2         "I have been attempting to reach Messrs. Ryan and Stathopoulos by

3    phone and email for well over a month.  Mr. Stathopoulos' office phone is a

4    voice mail system that announces  that it "presently cannot perform that

5    function;" I have left voice mail messages on both Mr. Ryan's and Mr.

6    Stathopoulos' cell phone; and sent them both emails.  I have had no response

7    to any of those communications.

8         "As I have said in several of those messages, I cannot represent a client

9    with which I have no lines of communication.  Accordingly, if we have not

10   received any response before the close of business on Tuesday, May 24, 2011,

11   I will file a motion to withdraw from representation in this case.  Moreover,

12   ***even if I have heard from you***, if we have not developed satisfactory lines of

13   communication and made acceptable arrangements to address your outstanding

14   balance, which is over $[omitted], by the close of business on Tuesday, May

15   31, 2011, I will likewise file a motion to withdraw.

16        "I caution you that a corporation or limited liability company cannot be

17   represented by other than a licensed attorney.  In this circumstance, that means

18   the representative must be an attorney who has been admitted to practice and

19   is in good standing before the United States District Court for the Central

20   District of California, although an attorney licensed in another jurisdiction may

21   be able to appear, but only with local counsel licensed in that District.

22        "If I am permitted to withdraw and no replacement counsel makes an

23   appearance, the plaintiff may be able to take a default against XOD, LLC

24   against which it cannot defend.  That ordinarily results in a default judgment

25   which can be collected and generally cannot be challenged . . . ."

26

27   _____

28
**Page 3**

**EX PARTE APPLICATION FOR AN ORDER**
**ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

12.     According to the Federal Express tracking information, which I believe to be reliable, the Federal Express envelopes were delivered or not as follows:

i.     As to the envelope sent to Frank Ryan, 1960 Cross Beam Dr., Ste 600 Charlotte NC 28217, the records reflect: "May 20, 2011 11:13 AM, Delivery exception, Pineville, NC; Refused by recipient."

ii.    As to the envelope sent to XOD at 400 Lincoln Ave, Suite 3A, Hatboro, PA, the record reflects 6 unsuccessful delivery attempts, the reason listed as, "Customer not available or business closed."

iii.   As to the envelope sent to Jonathan Berg, who is listed as the registered agent for service of process in California for XOD, LLC, it was sent to Jonathan Berg, Registered Agent for Service of Process, 6660 Gross Avenue West Hills CA 91307-3209, the records reflect: "May 18, 2011 1:43 PM, Delivered, West Hills, CA, Left at front door. Package delivered to recipient address – release authorized."

iv.    As to the envelope sent to Harry J. Stathopoulos, Esq., 10700 Sikes Place, Suite 300 Charlotte, NC 28277-8161 , the records reflect: "May 18, 2011 1:07 PM, Delivered, Charlotte, NC, Delivered to address other than recipient."

13.     The records of Federal Express indicating that the letter was "refused by recipient" told me that Mr. Ryan knew the contents of the envelope and refused to accept it.

14.     Finally, on Friday, June 3, 2011, Mr Ryan called me.  He explained that he had discussed the matter with his partners and, as a result of the discussion, XOD had institutionally decided to pay under 25% of my outstanding bill but would not pay for and was not interested in any further legal services from me.  He acknowledged the risks of default reflected in the above-referenced Federal Express letter and understood the

---

**Page 4**

**EX PARTE APPLICATION FOR AN ORDER**
**ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

probability of a default judgment against XOD.  He specifically instructed me to do no further work in the case and agreed that I should withdraw.

15.   Based upon the foregoing, I believe that the client knows that I intend to withdraw; is aware of the likelihood of a default against it; and it makes no difference to XOD if those events transpire.

16.   XOD is substantially indebted to me, having paid less than 25% of the charges that have accrued for the defense of this case to date.  If the court so desires, the undersigned will produce those billing records for *in camera* inspection.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed June 6, 2011.


_____
/s/ Clyde DeWitt
Clyde DeWitt

**Page 5**

**EX PARTE APPLICATION FOR AN ORDER
ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

K:\Files\XoD LLC C2014\XOD adv Fraserside\11-025-p-Ex Parte Application to Withdraw.wpd

**PROOF OF SERVICE BY EMAIL**

On June 4, 2011, I served a copy of the foregoing document on opposing counsel by email, as follows:

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
at *freeman@freemanlawfirm.org*

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Signed this 4th day of June, 2011.


_____
/s/ Clyde DeWitt
Clyde DeWitt

**EX PARTE APPLICATION FOR AN ORDER**
**ALLOWING IMMEDIATE FILING AND CONSIDERATION OF MOTION TO WITHDRAW**

K:\Files\XoD LLC C2014\XOD adv Fraserside\11-025-p-Ex Parte Application to Withdraw.wpd

1  Clyde DeWitt
   California State Bar No. 117911
2  Law Offices of Clyde DeWitt,
        A Professional Corporation
3  20750 Ventura Blvd., Suite 204
   Woodland Hills, CA 91364
4  (310) 392-2600
   Fax (310) 362-8667
5  *clydedewitt@earthlink.net*

6  Attorneys for Defendant, XOD, LLC

7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 | FRASERSIDE HOLDINGS, LTD., a foreign limited liability company, | Case Number **CV 10-5174-JAK-FMO** |

Hon. John A. Kronstadt,
        United States District Judge

12              Plaintiff,

Hon. Fernando M. Olguin,
        United States Magistrate Judge

13 v.

14 XOD LLC, a Delaware corporation, d/b/a XonDemand, Xondemand.com

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

15              Defendants,

16

1. Ex Parte Application; Memorandum of Points and Authorities; Declaration of Clyde DeWitt

17

18

2. [Proposed] Order Granting Ex Parte Application;

19

20

3. [Proposed] Motion to Withdraw; Supporting Memorandum of Points and Authorities; Declaration of Clyde DeWitt;

21

22

4. [Proposed] Order Granting Motion to Withdraw

23

24

25

26

---

27                           **Page 1**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

28

K:\Files\XoD LLC C2014\XOD adv Fraserside\11-027-p-Motion to Withdraw.wpd

The undersigned, counsel of record for XOD, LLC, the only defendant in the case, moves for an order, substantially in the form of the proposed order submitted herewith allowing counsel to withdraw from representation of the defendant.

Dated: June 6, 2011.                        Respectfully Submitted,

                                            CLYDE DeWITT
                                            LAW OFFICES OF CLYDE DEWITT

                                            By:   /s/ Clyde DeWitt
                                                    Clyde DeWitt

                                            Counsel for Defendant XOD, LLC

---

**Page 2**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

K:\Files\XoD LLC C2014\XOD adv Fraserside\11-027-p-Motion to Withdraw.wpd

**CERTIFICATE PURSUANT TO LOCAL RULE 7–3**

As required by Local Rule 7-3, I have contacted the party most impacted by this application, XOD, LLC; and, when I ultimately made contact, the representative instructed me to withdraw.

As to opposing counsel (Spencer E. Freeman, Esq.), I contacted him by email; he responded (12 days ago), "I will not oppose if you feel that you need to withdraw, nor question your reasons."

Signed on June 6, 2011.

/s/ Clyde DeWitt
_____
Clyde DeWitt

Counsel for Defendant, XOD, LLC

---

**Page 3**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

## MEMORANDUM OF POINTS AND AUTHORITIES

To the surprise of the undersigned counsel, some time following the settlement conference in this case on February 2, 2011, when the undersigned needed to contact his client, XOD, LLC ("XOD"), it effectively vanished, becoming totally incommunicado. Finally, on June 3, 2011, the individual who has been the contact person for XOD since the inception of his representation called undersigned.  He explained that XOD had no ability or intent to satisfy any significant part of the outstanding balance of its moneys owed to the undersigned; nor any intent whatsoever to pay for future representation.  Moreover, the client instructed the undersigned to do nothing further in the case, as a result of which the undersigned has no authority to further act on behalf of the client.   Accordingly, the undersigned has no choice but to withdraw.

### Background

The declaration of Clyde DeWitt, included herein, establishes facts compelling withdrawal.  In essence, the client became totally incommunicado; and, once there was some contact, the client expressed no intent or ability to pay for any future legal services and little interest in retiring the balance; and instructed the undersigned to withdraw.  Moreover, the declaration establishes that the client is well aware of the undersigned's intention to withdraw and it makes no difference to the client if he does so and the business defaults as a result.

### Applicable Law

Withdrawal is permitted where the client makes it "unreasonably difficult for the attorney to carry out the employment effectively."  CAL. R. PROF. RESP. 3–700(C)(1)(d). Where court rules or the rules of another tribunal require the attorney to obtain permission

---

**Page 1**

[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW

to withdraw, the attorney may not withdraw from a proceeding until such permission is obtained.  CAL. R. PROF. RESP. 3–700(A)(1).

If the court requires disclosure of additional information to demonstrate that the motion is brought in good faith, counsel can request an *in camera* hearing to provide the court with additional details; but the court is not required to offer such a hearing *sua sponte*. *See Manfredi & Levine v. Sup.Ct. (Barles)*, 66 Cal.App.4th 1128, 1136, 78 Cal.Rptr.2d 494 (2nd Dist. 1998).  If an in camera hearing is granted, the client must be given an opportunity to be heard.  *Id.*

Local rules concerning withdrawal of counsel are as follows:

"L.R. 83-2.9.2.1 Motion for Withdrawal. An attorney may not withdraw as counsel except by leave of court.  An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action.

"L.R. 83-2.9.2.2 Individuals. When an attorney of record for any reason ceases to act for a party, such party shall appear pro se or appoint another attorney by a written substitution of attorney signed by the party and the attorneys.

"L.R. 83-2.9.2.3 Corporation or Unincorporated Associations. An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear pro se. 'Unincorporated association,' as used in L.R. 83-2.9 and 83-2.10, shall include a partnership.

"L.R. 83-2.9.2.4 Delays by Substitution of Attorneys. Unless good cause is shown and the ends of justice require, no substitution or relief of

---

**Page 2**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

attorney will be approved that will cause delay in prosecution of the case to completion."

**Discussion**

As is clear from the declaration that follows, the client clearly is aware of the undersigned's intent to withdraw; is aware of the likelihood that, once that takes place, a default is probable; and that it makes no difference to the client if a default is entered. All of what has been done is in conformance with the applicable rules.

Finally, Applicant recognizes that withdrawal of counsel should not impact scheduling.

Accordingly, the undersigned requests an order allowing withdrawal of the undersigned.

Dated: June, 6, 2011.                   Respectfully Submitted,

CLYDE DeWITT
LAW OFFICES OF CLYDE DEWITT


By:   /s/ Clyde DeWitt
          Clyde DeWitt

Counsel for Defendant XOD, LLC

---

**Page 3**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

**Note: For the convenience of the court, it is noted that this declaration is identical, to the one included with the ex Parte Application for an Order Allowing Immediate Filing and Consideration of Motion to Withdraw.**

### DECLARATION OF CLYDE DeWITT

I, CLYDE DeWITT, declare as follows:

1.      I am an attorney, practicing as indicated above and attorney for the defendant, XOD, LLC ("XOD"), in the above-captioned matter, in connection with which I have, unless otherwise indicated, personal knowledge of the following:

2.      The skeletal information disclosed herein about communication between, on the one hand, XOD, its functionaries and its attorney and, on the other hand, me or my office, does not constitute a waiver of any privilege, including but not limited to, the attorney-client and work-product privileges.

3.      During 2004, I was contacted by Harry J. Stathopoulos ("Stathopoulos "), an attorney in Charlotte, NC.  Mr. Stathopoulos introduced me to his client, XOD and Frank Ryan ("Ryan"), who then and ever since then has been my contact person at XOD.  I was then retained to assist Mr. Stathopoulos in giving legal advice to XOD, particularly compliance issues, by virtue of a retainer agreement executed in April of 2004.

4.      Shortly after XOD was served with summons and complaint in the above-captioned matter (in August of 2010), XOD specifically retained me to defend it in the above-captioned litigation by virtue of a retainer agreement executed on August 19, 2010.

5.      I have never had any difficulty communicating with either Mr. Ryan or Mr. Stathopoulos until very recently, as explained below.

---

**Page 1**

[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW

6.    With respect to this lawsuit, I communicated with Mrssrs. Ryan and Stathopoulos primarily by email, but occasionally by telephone (cellular phones in most cases).  The communication was as needed, but always without difficulty.

7.    There was a settlement conference in this case which took place in early February of this year.  Prior to that settlement conference, I regularly communicated with Messrs. Stathopoulos and Ryan concerning it.

8.    Pursuant to plan, Mr. Ryan came to Los Angeles and appeared at the settlement conference, as did I.  We extensively prepared for it beforehand, both by telephone and email and in person.

9.    Since the settlement conference, I have sent emails jointly to Messrs. Ryan and Stathopoulos on the following dates, each requesting that they contact me: March 9, April 1, April 29, 2011.  The latter reflected the following, which was accurate: "Over the last few weeks, I have attempted to leave phone messages for Harry; and have left several for Frank.  Please contact me immediately.  I cannot and will not represent a client with whom I cannot communicate."  Those three emails were all to email addresses that I had used for the respective recipients for years; and none was associated with a reported delivery failure (as would be the case with my service provider, Earthlink).  The telephone calls all had been to the phone numbers where I had reached the respective individuals at least for the last year, probably longer.  Those included Mr. Ryan's cell number (the only telephone number that I had for him), and both the office number and cell number for Mr. Stathopoulos.  I could not leave a message at Mr. Stathopoulos' office because, although it had a typical outgoing message, it would not accept messages; both cell numbers (Messr. Ryan and Stathopoulos) did accept messages, and I left several at each during April of 2011.

10.    This all completely surprised me because client communication had never been a problem in the past.

---

**Page 2**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

11. Accordingly, on Tuesday, May 17, 2011, I sent a letter by Federal Express and email to all of the individuals who I deemed relevant at all of postal and email addresses that I knew. Portions of the letter relevant to this application stated the following:

"Gentlemen:

"I have been attempting to reach Messrs. Ryan and Stathopoulos by phone and email for well over a month. Mr. Stathopoulos' office phone is a voice mail system that announces that it "presently cannot perform that function;" I have left voice mail messages on both Mr. Ryan's and Mr. Stathopoulos' cell phone; and sent them both emails. I have had no response to any of those communications.

"As I have said in several of those messages, I cannot represent a client with which I have no lines of communication. Accordingly, if we have not received any response before the close of business on Tuesday, May 24, 2011, I will file a motion to withdraw from representation in this case. Moreover, *even if I have heard from you*, if we have not developed satisfactory lines of communication and made acceptable arrangements to address your outstanding balance, which is over $[omitted], by the close of business on Tuesday, May 31, 2011, I will likewise file a motion to withdraw.

"I caution you that a corporation or limited liability company cannot be represented by other than a licensed attorney. In this circumstance, that means the representative must be an attorney who has been admitted to practice and is in good standing before the United States District Court for the Central District of California, although an attorney licensed in another jurisdiction may be able to appear, but only with local counsel licensed in that District.

---

**Page 3**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

1    "If I am permitted to withdraw and no replacement counsel makes an

2    appearance, the plaintiff may be able to take a default against XOD, LLC

3    against which it cannot defend.  That ordinarily results in a default judgment

4    which can be collected and generally cannot be challenged . . . ."

5    12.    According to the Federal Express tracking information, which I believe to be

6    reliable, the Federal Express envelopes were delivered or not as follows:

7        i.    As to the envelope sent to Frank Ryan, 1960 Cross Beam Dr., Ste 600

8              Charlotte NC 28217, the records reflect: "May 20, 2011 11:13 AM,

9              Delivery exception, Pineville, NC; Refused by recipient."

10       ii.    As to the envelope sent to XOD at 400 Lincoln Ave, Suite 3A, Hatboro,

11             PA, the record reflects 6 unsuccessful delivery attempts, the reason

12             listed as, "Customer not available or business closed."

13       iii.    As to the envelope sent to Jonathan Berg, who is listed as the registered

14             agent for service of process in California for XOD, LLC, it was sent to

15             Jonathan Berg, Registered Agent for Service of Process, 6660 Gross

16             Avenue West Hills CA 91307-3209, the records reflect: "May 18, 2011

17             1:43 PM, Delivered, West Hills, CA, Left at front door. Package

18             delivered to recipient address – release authorized."

19       iv.    As to the envelope sent to Harry J. Stathopoulos, Esq., 10700 Sikes

20             Place, Suite 300 Charlotte, NC 28277-8161 , the records reflect: "May

21             18, 2011 1:07 PM, Delivered, Charlotte, NC, Delivered to address other

22             than recipient."

23   13.    The records of Federal Express indicating that the letter was "refused by

24   recipient" told me that Mr. Ryan knew the contents of the envelope and refused to accept it.

25

26

27
**Page 4**

28
[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW

14. Finally, on Friday, June 3, 2011, Mr Ryan called me. He explained that he had discussed the matter with his partners and, as a result of the discussion, XOD had institutionally decided to pay under 25% of my outstanding bill but would not pay for and was not interested in any further legal services from me. He acknowledged the risks of default reflected in the above-referenced Federal Express letter and understood the probability of a default judgment against XOD. He specifically instructed me to do no further work in the case and agreed that I should withdraw.

15. Based upon the foregoing, I believe that the client knows that I intend to withdraw; is aware of the likelihood of a default against it; and it makes no difference to XOD if those events transpire.

16. XOD is substantially indebted to me, having paid less than 25% of the charges that have accrued for the defense of this case to date. If the court so desires, the undersigned will produce those billing records for *in camera* inspection.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed June 6, 2011.

/s/ Clyde DeWitt
Clyde DeWitt

**Page 5**

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

**PROOF OF SERVICE BY EMAIL**

On June 4, 2011, I served a copy of the foregoing document on opposing counsel by email, as follows:

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
at *freeman@freemanlawfirm.org*

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Signed this 4th day of June, 2011.


                           /s/ Clyde DeWitt
                              Clyde DeWitt

**[PROPOSED] MOTION ALLOWING DEFENSE COUNSEL TO WITHDRAW**

K:\Files\XoD LLC C2014\XOD adv Fraserside\11-027-p-Motion to Withdraw.wpd