1 | SPENCER D. FREEMAN (*pro hac vice*)
2 | FREEMAN LAW FIRM, INC.
3 | 1107 ½ Tacoma Avenue South
  | Tacoma, WA 98402
4 | (253) 383-4500
5 | E-mail: sfreeman@freemanlawfirm.org

*lodged prop ord.*

FILED
2012 JAN 20 PM 3:25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FRASERSIDE HOLDINGS, LTD., a foreign limited liability company | Case No.: CV 10-5174 JAK (FMO) |
| Plaintiff, | APPLICATION TO FILE DECLARATION OF JAMES MORAN AND EXHIBITS UNDER SEAL |
| vs. | |
| XOD LLC, a Delaware corporation, d/b/a XonDemand, Xondemand.com | |
| Defendant. | |

COMES NOW Plaintiff Fraserside Holdings, Ltd, by and through its undersigned counsel, pursuant to Local Rule 79-5.1 and respectfully requests for permission to file the Declaration of James Moran, and the licensing agreements attached as Exhibits thereto, under seal. The Declaration, with Exhibits, and Proposed Order are submitted with this Application.

## I. FACTS

The Declaration of James Moran authenticates and presents three licensing agreements entered into by Plaintiff Fraserside, granting licenses to three companies for Fraserside's copyrighted works. In addition to presenting the licenses, which are attached as Exhibits, the Declaration outlines the similarities of the three licensing agreements and the companies to which license was granted with the Defendant in the instant matter. Such explanation includes a recitation of the monies generated for Fraserside as a result of each specific license in a time frame relevant to the Defendant's unlawful display of Friserside's copyrighted works.

The information contained within the Declaration of James Moran is deemed to be trade secret by Fraserside, and the disclosure of which would likely cause harm to Fraserside's competitive edge in the market place.

## II. ARGUMENT/POINTS AND AUTHORITIES

Fed.R.Civ.P. 26(c) and Local Rule 79-5 specifically contemplate the ability of a party in limited and specific circumstances to file documents with the Court underneath an order protecting the public disclosure of the documents or information. Specific to the instant matter, upon a showing of good cause, the Court may issue an order protecting public disclosure of documents or information to protect a party from publically disclosing a trade secret, or other confidential research, development, or commercial information. Fed.R.Civ.P. 26(c)(1)(G).

While there is a strong presumption in favor of public access to documents filed with a court, that presumption is overcome by demonstrating compelling reasons for sealing the document. *Kamakana v. City and County of Honolulu*, 4447 F.3d 1172, 1178-79 (9th Cir. 2006). Compelling reasons exist when information contained in a court filing contains trade secrets or business

information that may be used to harm a party's competitive standing. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Kamakana* at 1179.

The Ninth Circuit Court of Appeals was asked to specifically address the issue of whether licensing agreements, including terms of the licenses and payments made the license, should be granted protection of being filed under seal, and prevented from public disclosure. In *In re Elec. Arts, Inc.*, 298 Fed.Appx. 568 (2008), Electronic Arts, Inc. filed a petition for a writ of mandamus, regarding the trial court's denial of its motion to file a licensing agreement under seal. The Ninth Circuit Court of Appeals swiftly determined that a licensing agreement, inclusive of pricing terms, royalty rates, and payments was precisely the sort of business information that could be used to harm a party's competitive standing. In addition, the Court found that a licensing agreement "plainly falls within the definition of trade secrets." *Id.* at 569. The Court used the following definition of a trade secret:

> A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Restatement of Torts* § 757, cmt. b; *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir.1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *Whyte v. Schlage Lock Co.*, 101 Cal.App.4th 1443, 1455-56, 125 Cal.Rptr.2d 277 (2002).

*In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

Accordingly, the Court ruled that, as a matter of law, a licensing agreement meets the "compelling reason" standard required to file the document and information under seal from public disclosure. *Id.* at 570.

The instant matter is precisely the same as in *In re Elec. Arts, Inc.*. Plaintiff Fraserside seeks to prevent public disclosure of three licensing agreements, the payment terms within the licensing agreements, and the explanation of the terms of the licensing agreements. Such information is clearly within the definition of trade secrets and is business information which might hard Fraserside's competitive standing if disclosed publically.

Thus, as a matter of law, the three licensing agreement and sponsoring declaration is information that may be protected through an order sealing the documents and information from public disclosure.

### III. CONCLUSION

The three Fraserside licensing agreements, and their sponsoring declaration, are trade secrets and business information which will likely harm Fraserside's competitive standing if disclosed publically. As such, there is compelling reason to rebut the presumption of public access to the licensing agreements, and information pertaining thereto. Accordingly, Fraserside's Application to File the Declaration of James Moran and Exhibits under seal should be granted.

DATED: JANUARY 19, 2012

/s/ SPENCER FREEMAN
Spencer Freeman
Attorney for Plaintiff
THE FREEMAN LAW FIRM INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
Email: sfreeman@freemanlawfirm.org